## No. 2470
## Second Circuit

---

## EDWIN G. JAMES v. SPENCE & GOLD-STEIN, INC., ET AL.

(November 4, 1925, Opinion and Decree)
(December 10, 1925, Rehearing Refused)

(On writ to Supreme Court, judgment Court of Appeal modified.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Master and Servant —Par. 159 159 (a).**

A carpenter who accidentally stuck a splinter in the palm of his right hand which caused permanent partial disability to do work of any reasonable character is entitled to judgment under Section 8, Subsection 1 (c) of the Workmen's Compensation Act No. 20 of 1914, as amended by Act 216 of 1924.

2. **Louisiana Digest—Master and Servant —Par. 160 (l).**

The Appellate Court will not remand a Workmen's Compensation case under Act No. 20 of 1914 for further evidence as to what the injured employee is able to earn if the evidence clearly shows that the injured employee is partially disabled and the testimony of the injured employee that he is able to earn no more than $10.00 per week is corroborated by surrounding circumstances and other evidence.

3. **Louisiana Digest—Master and Servant —Par. 159, 159 (a).**

Where a member of the body is so injured as to cause disability to labor and earn wages, the compensation should be fixed according to Clauses (a), (b) and (c) of Subsection 1 of Section 8 of Act 20 of 1914, fixing the compensation for disability to labor, and not according to Section 8, Subsection 1 (d) of Act 20 of 1914, fixing the amount for the loss of certain members of the body.

Appeal from First Judicial District Court of Louisiana, Parish of Caddo. Hon. F. X. Ransdell, Judge.

This is a suit brought by an injured employee for compensation under the Workmen's Compensation Act No. 20 of 1914.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Long & Crow, of Shreveport, attorneys for plaintiff, appellee.

Wise, Randolph, Rendall & Freyer, of Shreveport, attorneys for defendants, appellants.

ODOM, J. Plaintiff was employed by defendant, Spence & Goldstein, Inc., as a carpenter at a weekly wage of $48.00, and

on December 22, 1924, while at work, he stuck a splinter in the palm of his right hand, producing an injury which, he alleges, caused paralysis in the hand, the fingers and the thumb, and which injury, he alleges, radiated towards the right shoulder, causing partial loss of the use of the right hand and the right arm. He further alleges that the strength of said hand, arm and fingers is so impaired and diminished that he is disqualified from doing regular work and can only earn $10.00 per week, whereas he formerly earned $48.00 per week. He claims compensation for permanent partial disability under Clause (c) of Subsection 1 of Section 8 of Act No. 216 of 1924, or sixty-five per cent of the difference between wages which he was earning at the time of the accident and the wages which he is now able to earn.

He alleges that defendant, Spence & Goldstein, Inc., was insured by the Standard Accident Insurance Company, and he asks judgment *in solido* against his employer, Spence & Goldstein, Inc., and against said insurance company.

Defendant Spence & Goldstein, Inc., in answer admitted that plaintiff was employed by it and that he was engaged in work as alleged, and admitted that on or about the date alleged plaintiff stuck a splinter in his hand, but denied that plaintiff was injured to the extent that he claimed. It sets up that it paid plaintiff compensation at $20.00 per week for a number of weeks (the number not being stated) and agreed to continue to pay such compensation for twenty weeks, but that plaintiff refused to accept such compensation.

It prays that the recovery of plaintiff be limited to twenty weeks together with the medical and hospital bills, not to exceed $250,00, and that plaintiff's demand in excess thereof be rejected.

The defendant, Standard Accident Insurance Company, filed an answer setting up the identical defenses made by Spence & Goldstein, Inc.

There was judgment in the District Court for plaintiff granting him compensation at $20.00 per week during his disability, not to exceed 300 weeks, less seventeen weeks' compensation already paid, from which judgment defendants have appealed.

## OPINION

There is no proof in the record that plaintiff expended any amount for medicine and surgical attention, and therefore the court below allowed nothing.

The testimony abundantly establishes plaintiff's injury as alleged, except with reference to the injury to the arm. There is no proof that plaintiff's arm is partially paralyzed or that it is impaired to any extent whatever.

However, all of the testimony shows that while at work as alleged by plaintiff and admitted in answer by defendants, the plaintiff did receive an injury to the hand which has rendered him permanently partially disabled to do any work of a reasonable character.

The plaintiff while at work picked up a 2x4 scantling and accidentally stuck a splinter in the palm of his right hand near the base of the middle finger. This splinter remained in the hand for several hours and was removed by a physician. The testimony shows that at the time plaintiff went to the physician his hand was badly swollen and infected.

Doctor Adair made an examination of the hand a short time before the trial and testified that he found evidence of periostitis of the phalanges of the middle finger and evidence of bone atrophy in all the fingers, especially marked in the phalanges of the middle finger; and he says that plaintiff's hand is in a serious condition and heals very slowly. He says

that plaintiff has arthritis, which means a rough joint and produces limited motion in the joints of the fingers.

As to the permanency of the condition, he says that he does not think there is any hope that the use of the hand will ever be restored and that he considers the injury permanent. He testified that plaintiff cannot pick up things, that he cannot grip the handle of anything such as a plow handle or a carpenter's tool; that the middle finger is perfectly stiff, and that the other fingers are partially so. He gave it as his opinion that the plaintiff cannot do carpenter's work at all and says that the right arm is somewhat smaller than the other one due, as he thinks, to non-use. He says that if the middle finger of that hand were amputated the rest of the hand would improve somewhat but that it would never be entirely restored.

Plaintiff himself says that he has not been able to do any work since the accident. However, he admits, or rather alleges, in his petition that he is able now to earn $10.00 per week.

The defendant called two physicians, Dr. Hurd and Dr. Boyce.

Dr. Hurd testified that he examined plaintiff on March 18, 1925, and that he found him totally disabled to do manual labor at that time. He says that the middle finger is stiff and wholly useless and that the other fingers have limited motion. According to his testimony the middle finger interferes with the use of the hand and he advised plaintiff to have that finger amputated. However, he says that with the best results hoped for by amputation plaintiff would never recover normal use of the hand, and that with the very best results he would probably be able to restore the hand to seventy-five per cent of its normal usefulness. However, he says that is only probable. He

found atrophy and each of the other conditions of the hand as testified to by Dr. Adair, and says there is total disability at the present time.

Dr. Boyce says that the hand was infected at the time plaintiff came to him to have the splinter removed. He says that the middle finger is now stiff and that the others have only limited motion. He treated him for two months. His testimony is practically in accord with that of the other two physicians.

As stated already, the testimony abundantly shows that the plaintiff is disabled to do manual labor of any reasonable character, and especially the kind of labor which he is capacitated to perform. There is practically no dispute on this point.

The court below found that plaintiff is partially disabled to do work of a reasonable character and fixed compensation at $20.00 per week for the period of disability, not exceeding 300 weeks, under clause (c) of subsection 1 of section 8 of the statute, which is the maximum amount allowed by law, and we think that judgment is correct.

The defendants urge the point that even if the court should hold the plaintiff is permanently partially disabled, compensation cannot be fixed for the reason that it is not shown what plaintiff is able to earn since the accident and that plaintiff's admission that he can earn $10.00 a week should not be used by the court as a basis and that the case should be remanded for evidence on this point.

It is true that the courts have held that where there is no evidence as to the amount which the plaintiff is able to earn since the accident the case should be remanded for proof on that point; but in determining this point all the testimony in the case should be considered. The plaintiff is 32 years old and without education. He has never done anything except farm and

work at the carpenter's trade. He does not know how to do anything else. All the testimony in the case shows that his right hand is in such condition that he is unable to do either kind of work now. His middle finger is perfectly stiff, all of his other fingers are partially stiff, and he is unable to grip a plow handle, a hoe, a shovel or an axe, nor can he grip and hold a hammer or a saw or any other tool used by carpenters. He is therefore incapacitated to farm or to do a carpenter's work. Being uneducated, he will therefore have to find some kind of manual labor in order to be able to earn anything. Up to the time of the trial he had not found anything to do, but he admits or rather alleges in his petition that he can now earn $10.00 per week, and we, of course, must accept his evidence that he can earn at least that much. But he says he can earn no more than that and under all the testimony we do not think he can.

Defendants have not suggested any work he can get to do at which he can earn more than that.

Aside from the testimony of the plaintiff himself as to his condition, the three physicians who testified, one for the plaintiff and two for the defendants, have abundantly established the plaintiff's case on the question of permanent partial disability, and the plaintiff, by alleging that he can now earn $10.00 a week and by testifying that he can earn no more than that, has made out his case as to his present earning capacity.

In the course of his examination plaintiff was asked:

"Now since that time you have not been able to earn more than half?"

And he answered:

"No."

Defendants construe that to mean that plaintiff admitted that he can now earn one-half as much as he could formerly. Plaintiff, we are sure, did not mean to testify that he had been earning half as much since the accident as he did before, as the question and answer would imply; his testimony as to his ability to labor and to earn must be taken as a whole. It shows throughout that he is not able to earn anything at all since the accident. He was earning, according to the testimony, $44.00 per week when injured. He is now able to earn $10.00 a week. He is therefore entitled to sixty-five per cent of the difference, which amounts to more than $20.00 per week, which the statute fixes as the minimum, and under the act he is entitled to that much during disability, not exceeding 300 weeks.

Defendants next urge that inasmuch as the injury in this case is to plaintiff's fingers he should not be allowed more than the statute fixes for the loss of the fingers and at most for the loss of a hand.

We have consistently held and we now adhere to our former ruling that where a member of the body, as for instance the hand, the arm or leg, is so injured as to cause disability to labor and earn wages, the compensation should be fixed according to Clause (a), (b) or (c) of Subsection 1 of Section 8 of the statute, fixing the compensation for disability to labor, and not according to other sections of the statute fixing the amount for the loss of certain members of the body.

For the reasons assigned it is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed at the cost of defendants.

———

## ON APPLICATION FOR REHEARING

REYNOLDS, J. Defendants insist that they are entitled to a rehearing in this case for the reason, as they contend, that

our decision is in conflict with the decisions of the Supreme Court in similar cases; but they do not support their contention by the citation of any authorities other than those quoted in their original brief.

We are convinced that our findings herein are correct as to the law; but defendants call our attention to the fact that they only allowed credit for $17.00 per week for twenty weeks when under the evidence they should have been given credit for $20.00 per week for twenty weeks.

The only evidence introduced on that point is the testimony of plaintiff, who says, on page 2:

"Q. Now do you know what compensation, if any, has the defendants, or either of them, paid you?

"A. Seventeen dollars ($17.00) per week.

"Q. How much per week?

"A. Twenty dollars ($20.00) per week, for twenty weeks.

"Q. For twenty weeks?

"A. Yes, sir."

Under this testimony defendants are entitled to credit for $20.00 per week for twenty weeks; but this is an error that we can correct without granting a rehearing.

It is therefore ordered, adjudged and decreed that our former decree herein be modified by allowing defendants credit for payment of $20.00 per week for twenty weeks instead of $20.00 per week for seventeen weeks, and as thus amended the judgment of the lower court is affirmed. Defendants to pay the costs of the lower court; plaintiff to pay the costs of this court. And having corrected our former judgment, the rehearing asked for is refused.